# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1763
_____

Estate of De'Angelo Brown, Deceased through Bryce Brewer, Special Administrator

*Plaintiff - Appellant*

v.

E.C. West, Chief, West Memphis Police Department; Prince Bohanon, Member, West Memphis Police Department; Michael Clark, Member, West Memphis Police Department; John Buford, Member, West Memphis Police Department; Matthew McKee, Member, West Memphis Police Department; Daniel Magill, Member, West Memphis Police Department; James Presley, III, Member, West Memphis Police Department

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: February 21, 2023
Filed: August 10, 2023
_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

De'Angelo Brown was a passenger in a car that led West Memphis Police Department (WMPD) officers on a dangerous chase. He was shot and killed when

officers tried to stop the car, and his estate sued them under 42 U.S.C. § 1983 for excessive force and state-created danger. The district court[1] granted summary judgment to the officers, and we affirm.

## I.

An officer tried to stop a car for having improperly lit high beams. Instead of pulling over, the driver led police on a lengthy and dangerous high-speed chase. Police tried to end the pursuit using stop sticks and multiple vehicle maneuvers but were unsuccessful. Finally, after hitting a police car head on, the car stopped.

Brown sat in the passenger seat with his hands up. As an officer pulled the passenger door handle, the driver put the car in reverse. The officer's hand got stuck in the door, causing him to get dragged alongside the car. The driver then backed into a police car and rolled forward over the officer's legs. The officer on the ground started shooting at the driver, and as the car moved toward other officers, they also started to shoot. Ultimately, 14 bullets hit the driver and 3 hit Brown, killing both.

Brown's estate sued WMPD officers and the chief of police under § 1983 and the Arkansas Civil Rights Act, alleging excessive force and state-created danger, among other things. The district court granted summary judgment to the officers, concluding that Brown wasn't seized within the meaning of the Fourth Amendment and that the officers were entitled to qualified immunity on the state-created danger claim. Brown's estate appeals.

## II.

We review the grant of summary judgment *de novo*. *Rynders v. Williams*, 650 F.3d 1188, 1194 (8th Cir. 2011). "Summary judgment is proper if, after viewing the

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Rau v. Roberts*, 640 F.3d 324, 327 (8th Cir. 2011) (citation omitted).

A.

We first turn to the estate's excessive force claim. To determine whether the officers used excessive force in violation of the Fourth Amendment, we "ask whether the amount of force used was objectively reasonable under the particular circumstances."[2] *Banks v. Hawkins*, 999 F.3d 521, 525 (8th Cir. 2021) (cleaned up). We analyze reasonableness "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," and "balanc[e] . . . the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Plumhoff v. Rickard*, 572 U.S. 765, 774−75 (2014) (citations omitted).

Here, it is undisputed that Brown had his hands up. And we have no doubt that shooting into the car posed a substantial risk of serious bodily harm to him. But the driver had just led police on a reckless, high-speed chase, which involved swerving into oncoming traffic, hitting a police car, and resisting efforts to stop the car by other means. By the time officers started shooting, the car had run over one officer's legs and was headed toward others. All things considered, officers acted reasonably in using deadly force, and the district court didn't err in granting summary judgment. *See id.* at 776−77 (holding that officers acted reasonably where they shot the plaintiff at the end of a high-speed chase and where the plaintiff evaded and posed "a grave public safety risk" at the time of the shooting).

---

[2]We assume without deciding that Brown was seized within the meaning of the Fourth Amendment.

B.

We turn now to the estate's state-created danger claim. "We have held the Due Process Clause imposes a duty on state actors to protect or care for citizens . . . when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have faced." *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992).

Brown suggests that officers violated his due process rights by failing to protect him from the danger they created. But as the district court explained, the "defendant officers did not place Mr. Brown in a position of danger that he would not otherwise have faced." It was the driver who put Brown in extreme danger, not the police officers. *See generally Plumhoff*, 572 U.S. at 778 (noting that a driver put a passenger "in danger by fleeing and refusing to end the chase"). For this reason, Brown's state-created danger claim fails.

III.

We affirm the judgment of the district court.

_____