# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3051
_____

Katie Whitworth

*Plaintiff - Appellant*

v.

Mark Kling, Individually and in his Official Capacity as a Police Officer for the City of Bryant, AR; City of Bryant

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 21, 2023
Filed: January 17, 2024
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

After an off-duty police K9 bit Katie Whitworth, she sued Corporal Mark Kling for negligence and for violating her constitutional rights. She also sued the City of Bryant, Arkansas, under *Monell v. Department of Social Services*, 436 U.S.

658 (1978). The district court[1] granted Corporal Kling and the City summary judgment on Whitworth's state and federal constitutional claims and remanded her negligence claim to state court. Whitworth appeals, and we affirm.

## I.

The material facts are undisputed. Whitworth was visiting Corporal Kling's house while he and Dutch, his K9, played fetch in the backyard. She and Corporal Kling's fiancée, Rachelle Stewart, left the house through the back door. Seeing Whitworth outside, Corporal Kling told Stewart that they needed to leave because Dutch was out. What happened next took only seconds.

Corporal Kling ordered Dutch to his kennel, and he initially obeyed. But then someone laughed. Dutch turned, eyed Whitworth, and charged. Too far away to collar him, Corporal Kling repeatedly commanded Dutch to disengage. Defiant, Dutch bit Whitworth's arm. Corporal Kling ran to Whitworth's aid and pried the K9 off her, redirected his attention to a tennis ball, and secured him in his kennel. Corporal Kling then tended to Whitworth's wounds and went with her to the hospital.

Whitworth sued for negligence in Arkansas state court. She amended her complaint to sue the City and Corporal Kling for, as relevant here, excessive force in violation of the Fourth Amendment and Arkansas's constitutional equivalent, Ark. Const. art. II, § 15. Corporal Kling and the City removed to federal court and sought summary judgment.

The district court granted summary judgment on the constitutional claims, reasoning that Whitworth was not seized within the meaning of either the state or federal constitution. It then declined to exercise supplemental jurisdiction over

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

Whitworth's remaining negligence claim and remanded the case back to state court. Whitworth appeals.

## II.

We review the district court's grant of summary judgment *de novo* and examine the record in the light most favorable to Whitworth. *Est. of Brown v. West*, 76 F.4th 1078, 1080 (8th Cir. 2023). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant is entitled to judgment as a matter of law "when the plaintiff has failed to make a sufficient showing of the existence of an essential element of her case." *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

An essential element of Whitworth's excessive force claims is that Corporal Kling "seized" her within the meaning of the Fourth Amendment and Arkansas's constitutional equivalent.[2] *See Moore v. Indehar*, 514 F.3d 756, 759 (8th Cir. 2008). A seizure "can take the form of physical force or a show of authority that in some way restrains the liberty of the person." *Torres v. Madrid*, 592 U.S. 306, 311 (2021) (cleaned up) (citation omitted). It "requires the use of force *with intent to restrain*," *id.* at 317, which necessarily excludes "an unknowing act," *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596 (1989). Simply put, "[a]ccidental force will not qualify." *Torres*, 592 U.S. at 317.

Whitworth argues that a K9's accidental bite is a seizure within the meaning of the Fourth Amendment. Our sister circuit rejected a similar argument in *Dunigan v. Noble*, 390 F.3d 486 (6th Cir. 2004). There, a K9 called Kojak was searching for

---

[2]Article II, § 15, of the Arkansas Constitution is "virtually identical to the Fourth Amendment," and Arkansas courts "interpret it in the same manner as the United States Supreme Court interprets the Fourth Amendment." *Rainey v. Hartness*, 5 S.W.3d 410, 415 (Ark. 1999). So as the district court noted, Whitworth's state and federal "excessive force claims live and die together."

a fugitive when he had a "spontaneous response" and bit Dunigan after she unintentionally stumbled toward him. *Id.* at 489–93. The court found that Kojak's police handler did not seize Dunigan "through means intentionally applied" because Kojak was not there to sniff out Dunigan, had no command to bite her, and was "quickly restrained and refocused" after the bite. *Id.* at 492–93 (quoting *Brower*, 489 U.S. at 597). So Dunigan "had no cognizable Fourth Amendment claim." *Id.* at 493.

We reach the same conclusion here. This incident bears all the hallmarks of accidental force. Dutch was playing fetch outside; had no command to bite, apprehend, find, or track Whitworth or anyone else; had a "spontaneous response" to laughter; ignored Corporal Kling's commands to disengage; and was quickly restrained and refocused after the bite. Because Corporal Kling did not seize Whitworth "through means intentionally applied," Whitworth can't prove an essential element of her state and federal excessive force claims, so the district court properly granted summary judgment to Corporal Kling.

Whitworth also claims that the City is liable under *Monell*. Because Corporal Kling's actions do not implicate the Fourth Amendment, the district court properly granted summary judgment to the City on Whitworth's *Monell* claim. *See Webb v. City of Maplewood*, 889 F.3d 483, 486–87 (8th Cir. 2018).

### III.

As the district court observed, "This is really a negligence case." That claim belongs in state court. We affirm.

_____

-4-